**FILED**

APR 2 9 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 13-30086-6 PM |
| ) | |
| ANTWAYNE B. CRUMBLE, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

**I.**

1. By pleading guilty, the Defendant fully understands that the Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver

of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce the Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

5. The Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. The Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. The Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. See 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. The Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2011, are, for imprisonment: $2,407.78 per month; for community confinement: $2,180.27 per month; and for supervision: $286.11 per month. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all

financial information with the United States Attorney's Office and the Defendant waives any rights the Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. The Defendant understands that the Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), the Defendant will be forbidden by federal firearms laws from possessing any type of firearm in the Defendant's lifetime, unless the Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9. The Defendant understands and agrees that if the Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant will enter a plea of guilty to Count 1 of the information, which charges the Defendant with conspiracy to commit student loan fraud, mail fraud, and wire fraud, in violation

of Title 18, United States Code, Section 371. The maximum penalty that can be imposed for the offense charged in Count 1 of the information is five (5) years imprisonment or a $250,000 fine, or both, a $100 special assessment, and up to three (3) years supervised release.

2. The Government and the Defendant agree that the following constitute the essential elements of the offense charged in Count 1 of the information, and the Defendant admits that the Defendant's conduct violated these essential elements of the offense:

*First*, that the conspiracy as charged in Count 1 existed;

*Second*, that the Defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

*Third*, that an overt act was committed by at least one conspirator in furtherance of the conspiracy.

3. The Government and the Defendant submit that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have an Offense Level of thirteen (13), a Criminal History Category of I, a sentencing range of 12-18 months imprisonment, and a fine range of $3,000 to $30,000. The Government and the Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, the Defendant will not be permitted to withdraw the Defendant's plea of guilty. The Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a). The Government agrees to recommend a sentence at the low end of the Guideline range ultimately found by the Court, and the

4

Defendant expressly reserves the right to argue for a sentence below the Guideline range. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the criminal history and characteristics of the Defendant.

4. The Defendant and the Government agree that the Base Offense Level in this case is six (6) pursuant to U.S.S.G. § 2B1.1(a)(2). The Defendant and the Government further agree that because the loss exceeded $120,000, the specific offense characteristic of U.S.S.G. § 2B1.1(b)(1)(F) applies; thus, the Defendant's Base Offense Level should be increased ten (10) levels, creating an Offense Level of sixteen (16).

5. The Defendant and the Government agree that no victim-related adjustments apply to this offense. See U.S.S.G. § 3.A.

6. The Defendant and the Government agree that his role in the offense was such that his offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

7. The Defendant and the Government agree that the Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level should not be increased.

8. The Defendant and the Government agree that The Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of three (3) Offense Levels, reducing the Offense Level from sixteen (16) to Offense Level thirteen (13). See U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

9. The Defendant and the Government submit that it appears that the Defendant has amassed zero (0) Criminal History points and that, therefore, the Sentencing Guideline Criminal History Category is I.

11. The Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted before sentencing. The Defendant recognizes that, regardless of the criminal history found by the Court, the Defendant will not be able to withdraw the plea of guilty.

12. The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

13. The Defendant understands that restitution is mandatory. The Defendant agrees to pay restitution to the United States Department of Education in the amount of $98,658, pursuant to 18 U.S.C. § 3663(a)(3). Restitution should be forwarded to the following address:

>	Renu Kapur
>	U.S. Department of Education
>	OCFO - Financial Management Operations

Accounts Receivable Group
550 12th Street, SW, RM 6107
Washington, DC 20202-4461

Phone: 202-245-8058
Fax: 202-245-0166

## III.

1.  The Defendant understands that by pleading guilty, the Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses, and defense witnesses with defense counsel.

2.  The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives the his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal

7

findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3. The Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. The Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal the Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. The Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

IV.

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_____
ANTWAYNE B. CRUMBLE
Defendant

_____
MATTHEW H. BROOKS
Special Assistant United States Attorney

_____
THOMAS C. GABEL
Attorney for Defendant

Date: 4/29/13

Date: 4/29/13

9